NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JANELLE FREDERICO, individually and on behalf of a class of similarly situated persons, : : : : Plaintiff, : : v. : : HOME DEPOT, : Defendant. : : | CIVIL ACTION NO. 05-5579 (JAP) **OPINION** |

APPEARANCES:

Barry R. Eichen, Esq.
EICHEN LEVINSON
40 Ethel Road
Edison, New Jersey 08817
    Attorneys for Plaintiff
    Janelle Frederico

Nicholas Stevens, Esq.
STARR, GERN, DAVISON & RUBIN
103 Eisenhower Parkway
Roseland, New Jersey 07068
    Attorneys for Defendant
    The Home Depot, U.S.A., Inc.

Dwight J. Davis, Esq.
S. Stewart Haskins, Esq.
Catharine B. Wooten, Esq.
KING & SPALDING LLP
191 Peachtree Street, N.E.
Atlanta, Georgia 30303-1763
    Attorneys for Defendant
    The Home Depot, U.S.A., Inc.

PISANO, District Judge.

Plaintiff, Janelle Frederico brought this action on behalf of herself and a class of similarly situated persons against Defendant, The Home Depot, U.S.A., Inc.[1] ("Home Depot") on or about October 7, 2005 in the Superior Court of New Jersey, Law Division, Middlesex County.[2] Plaintiff alleges that Defendant breached its contract with Plaintiff, violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. (2005), and committed common law fraud when it charged Plaintiff $ 287.14 for the rental of a truck from Defendant's store located in South Plainfield, New Jersey. On or about November 23, 2005, Defendant removed the matter to this Court.[3] Defendants filed a Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) on December 27, 2005. The Court heard oral argument in this matter on February 10, 2006. For the following reasons, the Court grants Defendant's Motion to Dismiss.

I. **Factual History**

Defendant, Home Depot, owns and operates a store located at 3100 Hamilton Boulevard, South Plainfield, New Jersey (the "South Plainfield Home Depot"). The South Plainfield Home Depot rents trucks on a short-term basis to assist customers with the delivery of their purchases.

---

[1] The Home Depot U.S.A., Inc. was improperly pled as "Home Depot."

[2] Defendant's removal papers state that Plaintiff filed her state court lawsuit on March 4, 2005. This is an error because the date of the alleged incidents is August 6, 2005. It appears that Plaintiff filed her lawsuit on or about October 7, 2005.

[3] Jurisdiction is premised on 28 U.S.C. § 1332(d). Plaintiff is a resident of New Jersey. Defendant is a Delaware corporation which maintains its headquarters in Atlanta, Georgia. According to Defendant's Notice of Removal, Plaintiff alleged that the aggregate number of class members is greater than 100 and accordingly, the amount in controversy for this alleged class action exceeds $5,000,000.00 for purposes of § 1332(d).

On Saturday, August 6, 2005, Plaintiff rented a flatbed truck from the South Plainfield Home Depot at 6:23 pm. The terms and conditions of Plaintiff's truck rental were set forth in a Vehicle Delivery Agreement (the "Agreement") signed by Plaintiff on August 6, 2005.

The Agreement sets forth the following relevant terms:

1. Plaintiff's truck was due back to the store at 7:38 pm on August 6, 2005.
2. The rental rate for the truck was $19.00 for the first seventy-five minutes and $5.00 for each additional fifteen minutes.
3. The vehicle must be returned "to the Home Depot location where rented, on the date and at the time specified . . . IF NOT, A CLEANING CHARGE, DROP CHARGE, AND/OR RATE CHANGE MAY APPLY."
4. The vehicle "MUST BE RETURNED TO THE STORE BEFORE CLOSING ON THE DAY OF RENTAL."
5. The store hours listed were 6:00 - 10:00 on Saturdays.
6. "THE AGREEMENT DOES NOT PERMIT RENTAL OF THE VEHICLE FOR MORE THAN ONE DAY OR PAST THE TIME AT WHICH THE HOME DEPOT DEMANDS RETURN OF THE VEHICLE."

Plaintiff alleges that Defendant breached its contract with Plaintiff, committed common law fraud, and violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. (2005) ("NJCFA") based on the assertion that she "returned the truck to Home Depot on August 6, 2005, but was informed by Defendant that the rental department was closed, that Home Depot had no after-hours rental facilities or procedures, and to re-return the truck the following morning." Accordingly, Plaintiff alleges that she returned the morning of August 7, 2005 and returned the truck. She paid the total charges of $287.14 at that time. This amount represented $269.00 for the thirteen hours and forty-four minutes that she was in possession of the truck plus various taxes. Plaintiff claims that "thousands, if not in the tens of hundreds of thousands" of

3

other unnamed people were victims of Home Depot's wrongful conduct at some unspecified time and at some unspecified Home Depot stores in New Jersey.  As discussed in detail below, these allegations are utterly deficient to support her claims for relief.

Apparently realizing the inadequacy of the allegations set forth in her complaint, Plaintiff supplemented these allegations by including new facts in her opposition to Defendant's motion to dismiss and in oral argument before the Court.  The Court will not consider these after-the-fact allegations in determining the sufficiency of Plaintiff's allegations pursuant to Rules 9(b) and 12(b)(6).  The United States Court of Appeals for the Third Circuit has stated, " '[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' "  See Commw. of Pa. ex. rel Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Corp., 745 F.2d 1101, 1107 (7th Cir. 1984)); see also Marks v. Struble, 347 F. Supp. 2d 136, 148 (D.N.J. 2004) (refusing to consider plaintiff's allegations made for the first time in response to defendant's motion to dismiss); Parastino v. Conestoga Tel. & Tel. Co., No. Civ.A. 99-679, 1999 WL 636664, at *2 (E.D. Pa. Aug. 18, 1999) (refusing to consider new factual allegations made for the first time in response to a motion to dismiss because "new factual allegations made in the parties' legal memoranda may not be considered in resolution of a 12(b)(6) motion to dismiss").

Not only has Plaintiff's maneuvering in this regard prejudiced Defendant by requiring Defendant to alter its arguments in response to Plaintiff's moving target of factual allegations, but it highlights the issue that the Court must address in the instant motion — the sufficiency (or insufficiency) of Plaintiff's allegations in her complaint pursuant to Rules 9(b) and 12(b)(6).

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling her to relief. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). In making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom. Hayes v. Gross, 982 F.2d 104, 105-06 (3d Cir. 1992). The court may also consider exhibits attached to the complaint, matters of public record, and documents that form a basis of plaintiff's claim. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004). However, the court need not consider plaintiff's bald assertions or legal conclusions. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### B. Fed. R. Civ. P. 9(b)

Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." Fed. R. Civ. P. 9(b); Lum, 361 F.3d at 223-24. To satisfy this standard, the plaintiff must provide the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into her fraud allegations. See Lum, 361 F.3d at 224; NN&R, Inc. v. One Beacon Ins. Group., 362 F. Supp. 2d 514, 518 (D.N.J.

2005).[4]  Further, the plaintiff must allege who made the purported misrepresentations and what specific misrepresentations were made.  See Lum, 361 F.3d at 224; NN&R, Inc., 362 F. Supp. 2d at 518.  With respect to the instant matter, the pleading requirements of Rule 9(b) applies to Plaintiff's NJCFA and common law fraud claims.  See F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d Cir. 1994) (applying particularity requirement of Rule 9(b) to NJCFA and common law fraud claims); Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 509-11 (D.N.J. 1999) (dismissing NJCFA claim for failure to plead fraud with particularity under Rule 9(b)).

### III.     Legal Discussion

#### A.     Breach of Contract Claim

Plaintiff first alleges that Defendant breached its contract with Plaintiff.  In order to state a claim for breach of contract, Plaintiff must allege:  (1) a contract between the parties; (2) breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own

---

[4] Plaintiff argues that instead of Rule 9(b), the pleading requirements of Rule 4:5-8(a) of the New Jersey Rules Governing Civil Practice in the Superior Court should apply to her complaint since it was originally filed in state court.  This is incorrect.  See Fed. R. Civ. P. 81(c) ("[The Federal Rules of Civil Procedure] apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); Varney v. R.J. Reynolds Tobacco Co., 118 F. Supp. 2d 63, 67-68 (D. Mass. 2000) (dismissing fraud claim in case removed from state court under Rule 9(b) and stating, "[e]ven in cases removed from state court, the adequacy of the pleadings is measured by the federal rules").  Cf. Tehan, D.M.D. v. Disability Mgmt. Services, Inc., 111 F. Supp. 2d 542, 547 (D.N.J. 2000) ("After removal of an action from state court . . . the case will then proceed as if it had been brought in the federal court originally.").

In any event, Rule 4:5-8(a) requires that "[i]n all allegations of . . . fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."  Although Plaintiff states that her fraud claims were stated "insofar as practicable," it is obvious based on Plaintiff's perpetual updating of her facts that she did not provide the particulars of the alleged wrong "insofar as practicable" in her complaint.

contractual obligations. See Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002). In support of her claim, Plaintiff alleges that Defendant breached the Agreement for vehicle rental by refusing to allow Plaintiff to return her truck on August 6, 2005. Plaintiff claims that an unspecified person at the South Plainfield Home Depot informed her that the rental department was closed and that the store had no after-hours rental facilities. Accordingly, Plaintiff returned the truck the following morning and was charged $287.14. Notably, Plaintiff does not identify which contract provision Defendant purportedly breached.

Assuming these allegations are true, as the Court is required to do under Rule 12(b)(6), Plaintiff fails to allege the essential elements of a breach of contract claim. Although both parties agree that a contract exists, namely, the Vehicle Delivery Agreement signed by Plaintiff on August 6, 2005, Plaintiff does not provide allegations to support the second, third, and fourth elements of a breach of contract claim, i.e., that Defendant breached the Agreement, that Plaintiff was damaged by the breach, and that Plaintiff upheld her own obligations under the contract. Plaintiff fails to allege the time on August 6, 2005 that she attempted to return the truck. This deficiency makes it impossible to determine whether Defendant breached any promises made in the Agreement or whether Plaintiff breached her own contractual obligation to return the vehicle by 7:38 pm, and in any event, before the store closed at 10:00 pm.

Similarly, without knowing the time that Plaintiff attempted to return the truck, the Court cannot determine whether Plaintiff was damaged by some breach by the Defendant or by her own conduct in failing to return the truck on time. Therefore, Plaintiff fails to state a claim for breach of contract. See Green v. America Online (AOL), 318 F.3d 465, 472 (3d Cir. 2003) (affirming

district court's 12(b)(6) dismissal of breach of contract claim where plaintiff failed to show defendant breached the terms of the agreement); Wright v. Prudential Ins. Co. of Am., 285 F. Supp. 2d 515, 524 (D.N.J. 2003) (noting that breach of contract claim would fail 12(b)(6) analysis because plaintiff could not establish elements of breach of contract).

### B.  Common Law and Statutory Fraud Claims

Plaintiff claims that Defendant violated the NJCFA and committed common law fraud by (1) misrepresenting in the Agreement the late fees associated with the return of rental vehicles; and (2) failing to disclose that the Defendant intended to delay the return of rental vehicles in an effort to increase profits.

#### 1.  Common Law Fraud

Plaintiff's common law fraud claim is dismissed because she does not plead a cognizable claim for fraud. To state a claim for fraud under New Jersey law, a plaintiff must establish: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367-68 (N.J. 1997) (citing Jewish Ctr. of Sussex County v. Whale, 432 A.2d 521 (N.J. 1981)).

Plaintiff fails to show that Defendant made a material misrepresentation of presently existing or past fact. Plaintiff claims that Defendant misrepresented the late fees associated with the return of rental vehicles in the Agreement; however, she fails to allege that any particular statement made by Defendant in the Agreement was in fact false. With respect to the fees charged, Defendant clearly represented in the Agreement that the rental rate for the truck was

$19.00 for the first seventy-five minutes and $5.00 for each additional fifteen minutes that Plaintiff retained possession of the truck.  The receipt for the truck rental that Plaintiff attached to her complaint shows that this is exactly the rate that Plaintiff was charged for the thirteen hours and forty-four minutes that she retained possession of the truck.  Thus, Plaintiff's protestations that such fees were "excessive" are baseless.  Accordingly, Plaintiff fails to state a claim for fraud against Defendant on the basis of misrepresenting late fees associated with rental truck returns, let alone do so with the particularity required by Rule 9(b).  See Peters v. U.S. Dep't of Housing & Urban Development, No. Civ. 04-06057, 2006 WL 278916, at * 5 (D.N.J. Feb. 1, 2006) (dismissing fraud claim for failure to allege that defendant made any misrepresentation to plaintiff); Yost v. General Motors Corp., 651 F. Supp. 656, 658 (D.N.J. 1986) (dismissing fraud claim for failure to allege that statements made by defendant were in fact false).

Plaintiff's claim that Defendant materially misrepresented or failed to disclose its practice of delaying the return of rental vehicles in an effort to increase profits similarly fails.  These allegations do not meet the stringent pleading standards of Rule 9(b) because Plaintiff does not allege with particularity the circumstances of the alleged fraud or otherwise inject precision into her allegations.  Specifically, Plaintiff fails to allege *when* she attempted to return the truck to Home Depot and whether this attempted return was prior to the time it was due at 7:38 pm or even before the store closed at 10:00 pm.  Further, Plaintiff does not allege *who* at Home Depot informed her that she could not return the vehicle at that unspecified time and that she should return the following morning.  See, e.g., Klein v. General Nutrition Co., Inc., 186 F.3d 338, 345 (3d Cir. 1999) ("The complainant fails to attribute the statement to any specific member of GNC management.  Fed. R. Civ. P. 9(b) requires, at a minimum, that the plaintiff identify the speaker

9

of allegedly fraudulent statements."); Granite State Ins. Co. v. UJEX, Inc., Civ. No. 03-1220, 2005 WL 1618792, at *8 (D.N.J. July 11, 2005) (dismissing fraud claim under Rule 9(b) where complaint was utterly devoid of the averments required by Rule 9(b), including the identity of the alleged speaker).[5]

By failing to include such details, Plaintiff did not meet her obligation to put Defendant on notice of the "precise misconduct with which [it is] charged." See Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). In fact, as Plaintiff began to improperly expand upon the factual basis for her claims in her opposition to this motion and in oral argument, it became apparent that if anything, Plaintiff's complaint put Defendant on notice of an entirely different factual predicate than the one that later emerged. It is obvious from reviewing Defendant's motion to dismiss and reply brief that Plaintiff's haphazard pleading forced Defendant to respond to factual allegations in its initial brief that were different from those it needed to respond to in its reply brief and at oral argument. Therefore, Plaintiff's common law fraud claim is dismissed.

    2.    **New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq.**

The Court also dismisses Plaintiff's NJCFA claim because she does not plead a cognizable claim under the statute. To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice and caused an ascertainable loss to the

---

[5] This information does not appear to be in the exclusive control of Defendant, and Plaintiff does not make such an allegation. See F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d Cir. 1994) (stating that where a plaintiff cannot be expected to have personal knowledge of certain details of the alleged fraud, to satisfy Rule 9(b), the plaintiff must allege that the necessary information lies within defendant's exclusive control and provide facts to illustrate that plaintiff's claims are not baseless).

plaintiff.  Cox v. Sears Roebuck & Co., 647 A.2d 454, 462-65 (N.J. 1994).  The NJCFA defines "unlawful practice"as:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J.S.A. § 56:8-2.  The Supreme Court of New Jersey found that unlawful practices fall into three general categories:  affirmative acts, knowing omissions, or violations of regulations promulgated under the Act.  See Cox, 647 A.2d at 462.[6]

Plaintiff's NJCFA claim must be dismissed because she fails to allege that Defendant engaged in unlawful conduct.  First, Plaintiff claims that Defendant engaged in unlawful conduct by affirmatively misrepresenting the late fees charged for untimely returns.  This claim fails for the same reasons discussed above with respect to her common law fraud claims, namely, that Defendant charged Plaintiff the rate agreed upon in the Agreement.  Accordingly, Plaintiff fails to show unlawful conduct on this basis.

---

[6] Although Plaintiff does not allege that Defendant violated any regulations promulgated under the Act, the parties feverishly debate whether the alleged unlawful practices are properly classified as "affirmative misrepresentations" or "omissions."  This distinction is relevant in the context of Plaintiff's NJCFA claim because, when the alleged consumer fraud is an omission, intent is an essential element of the fraud; however, when an affirmative act forms the basis of an NJCFA claim, the Plaintiff need not allege and prove intent to defraud.  See Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).  The resolution of this debate is not essential to the disposition of this motion because, as indicated above, Plaintiff fails to sufficiently allege that Defendant engaged in any unlawful, false, or otherwise deceptive affirmative act or omission.  Accordingly, the Court need not reach the issue of the sufficiency of Plaintiff's allegations of intent.

Furthermore, Plaintiff fails to establish unlawful conduct based on Defendant's alleged omission of its practice of delaying the return of rental vehicles to increase its profits. Again, Plaintiff fails to allege the essential details of this alleged fraud to survive the procedural requirements of Rule 9(b). Plaintiff does not state *when* she attempted to return the truck to Home Depot and *who* told her that she could not return the vehicle at that time. See, e.g., F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d Cir. 1994) (dismissing plaintiff's NJCFA and common law fraud claims under Rule 9(b) where plaintiff failed to identify the speaker of the allegedly misleading statements and otherwise allege facts to support plaintiff's charges). Based on plaintiff's bare allegations, the Court cannot conclude that Defendant engaged in any unlawful practice.

Furthermore, Plaintiff fails to sufficiently allege that Defendant's conduct *caused* her ascertainable loss. Without knowing when Plaintiff attempted to return the truck to Home Depot, it is impossible to determine whether it was Home Depot's conduct, or Plaintiff's own conduct in not returning the truck on time, that caused her to retain the truck overnight and incur rental charged for the night of August 6, 2005. Thus, Plaintiff's NJCFA claim is dismissed. See Cannon v. Cherry Hill Toyota, Inc., 161 F. Supp. 2d 362, 374-75 (D.N.J. 2001) ("New Jersey courts have interpreted the NJCFA as requiring a causal link between the practice and the harm."); New Jersey Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 178 (N.J. Super. Ct. App. Div. 2003) (dismissing NJCFA claim for failure to state a claim where plaintiffs failed to demonstrate that any losses they may have suffered were caused by defendants).

### III.     Conclusion

In conclusion, the Court grants Defendant's Motion to Dismiss Plaintiff's complaint without prejudice pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).[7] An appropriate order accompanies this opinion.

Dated: 9th Day of March, 2006                                    s/ Joel A. Pisano
                                                                 JOEL A. PISANO, U.S.D.J.

---

[7] The Court is aware of Defendant's arguments that Plaintiff's claims are barred by the voluntary payment doctrine and that her fraud claims are barred by the economic loss doctrine. Because the Court finds that Plaintiff has failed to sufficient allege claims for breach of contract, common law fraud, or a violation of the NJCFA, the Court declines to consider the applicability of these doctrines.

Further, considering the Court's determination that Plaintiff fails to state a claim upon which relief can be granted, the Court declines to consider the sufficiency of Plaintiff's class action allegations. See, e.g., Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a representative of the class on a particular claim the plaintiff must himself have a cause of action on that claim."); Salgado v. Piedmont Capital Corp., 534 F. Supp. 938, 953 (D.P.R. 1981) (same).